UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY RODRIGUEZ,<br><br>                              Plaintiff,<br><br>              -against-<br><br>HASA HRA; DEPT OF SORA; COPS FROM HOUSTON, TEXAS,<br><br>                              Defendants. | 1:24-CV-6451 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Larry Rodriguez, who is appearing *pro se* and is homeless, filed this action seemingly asserting that the defendants have violated his federal constitutional rights, and he seeks damages and injunctive relief.[1] He sues: (1) "HASA HRA" or "NYC HRA," which the Court understands to be the HIV/AIDS Services Administration ("HASA"), a subdivision of the New York City Human Resources Administration ("HRA") or, like HRA, a subdivision of the New York City Department of Social Services; (2) "Dept of SORA" or "NYC SORA," which the Court understands to be the New York State Division of Criminal Justice Services ("NYSDCJS"), which administers the State of New York's sex offender registry; and (3) unidentified police officers from Houston, Texas. The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983.

By order dated September 6, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the

---

[1] Plaintiff's complaint and *in forma pauperis* application are forms styled for the New York Supreme Court, New York County.

Court grants Plaintiff leave to file an amended complaint, as specified in this order, within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* at 678. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff asserts three separate set of claims; the first is against what the Court understands to be HASA and/or HRA, the second is against unidentified police officers from Houston, Texas, and the third is against what the Court understands to be NYSDCJS.

### A.    Claims against HASA and HRA

With regard to Plaintiff's claims against HASA and HRA, Plaintiff alleges the following: HASA has denied Plaintiff nutritional and medical services because he has refused "to go into the dangerous [in]convenient emergency housing that [it] expect[s] [him] to pay rent for." (ECF 1, at 1.) "HRA ow[e]s [him] food stamps for [the] pas[t] few months since April [in] the amount of [$]281 a month." (*Id.*) Plaintiff seeks punitive damages "for letting [him] be without food, with no food stamps, and medical services for 3 months except for 40 dollars in food stamps a month [HRA] g[a]ve [him], the standard [it] give[s] to all people that are homeless." (*Id.*) In addition to damages, Plaintiff seeks an injunction against HASA and/or HRA to prevent either or both of these agencies "from denying [him] medical and [nutritional] assistance," and to compel these agencies to provide "all the pas[t] food stamps not given to [him]." (*Id.*)

### B.    Claims against the unidentified police officers from Houston

As to Plaintiff's claims against the unidentified police officers from Houston, Plaintiff alleges the following: These officers have stolen property and money from Plaintiff, and are continuing to do so. They have also stolen Plaintiff's image by taking photographs of Plaintiff. These police officers have done this in an effort to get money and credit cards from a financial institution. They have also "been falsifying evidence to continue to get court orders to surveil[]

[Plaintiff] month after month so that they [can] stay close to [him] and continue to rob [his] money" from a bank. (*Id.* at 2.) Plaintiff asks for damages, that his money and property be returned to him, and that the Court order the police officers to stop their abovementioned alleged activities. The police officers have been carrying out the alleged activities in both Houston, Texas, and in undisclosed locations within the State of New York; have been doing so for the last 14 years; and have also been sexually harassing Plaintiff for the same amount of time.

C.     **Claims against NYSDCJS**

With respect to Plaintiff's claims against NYSDCJS, Plaintiff seems to challenge a state court conviction in which he was required to register as a sex offender; Plaintiff does not allege any facts about the offense(s) of which he was convicted or about the particulars of his associated sentence, apart from being required to register as a sex offender. He also does not specify the state court in which he was convicted, but makes references to an unspecified "family court" and to "indictment # 1894/97." (*Id.*) Plaintiff seems to ask the court to order the removal of his name from NYSDCJS's sex offender registry; he appears to claim that, although his conviction originally only required him to be listed in that sex offender registry for 10 years, his term on that registry has been retroactively increased to 20 years. Plaintiff also seeks damages.

## DISCUSSION

A.     **Claims under Section 1983 against NYSDCJS**

The Court understands Plaintiff's complaint as asserting claims for damages and injunctive relief against NYSDCJS, under Section 1983, with regard to his registration in NYSDCJS's sex offender registry.[2] The Court must dismiss these claims under the doctrine of

---

[2] Plaintiff seems to assert that he seeks injunctive relief (removal of his name from NYSDCJS's sex offender registry) in the form of *habeas corpus* relief. (*See* ECF 1, at 2.) The Court understands these claims as brought seeking injunctive relief under Section 1983, rather than as claims for *habeas corpus* relief under any of the relevant *habeas corpus* statutes,

4

Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields States, and their agencies, from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). NYSDCJS, as an agency of the State of New York, enjoys Eleventh Amendment immunity. *See Robertson v. Allen*, No. 15-CV-0011, 2016 WL 205381, at *9 (N.D.N.Y. Jan. 15, 2016); *Williams v. N.Y. State Bd. of Exam'rs of Sex Offenders*, No. 15-CV-6086, 2015 WL 7281648, at *1 (E.D.N.Y. Nov. 17, 2015), *appeal dismissed*, No. 15-3940 (2d

---

however, because Plaintiff does not allege that he is in the custody of state officials – which is a requirement for *habeas corpus* relief, *see* 28 U.S.C. §§ 2241(c)(3), 2254(a); *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) – including with respect to the sentence associated with his abovementioned state court conviction. While

> [t]he [United States Court of Appeals for the] Second Circuit has not decided whether being subject to [New York's sex offender registration] restrictions renders a petitioner 'in custody' for [*habeas corpus*] purposes[,] . . . [federal] district courts in New York, as well as other circuits that have reviewed similar laws, have concluded that sex offender registration requirements do not render a petitioner "in custody" [for *habeas corpus* purposes] because, in principal part, those requirements are more similar to collateral consequences of conviction than to the strict requirements of parole and also because the statutes were not intended to be punitive.

*White v. LaClair*, No. 19-CV-1283, 2021 WL 200857, at *5 (E.D.N.Y. Jan. 19, 2021) (citations omitted). Thus, to the extent Plaintiff seeks such injunctive relief as to his registration in New York's sex offender registry, the Court will consider these claims as brought under Section 1983, rather than brought under any of the relevant *habeas corpus* statutes.

Cir. June 6, 2016); *Abascal v. Bellamy*, No. 10-CV-1406 (LTS) (AJP), 2011 WL 2436931, at *2 (S.D.N.Y. June 8, 2011).

Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Accordingly, the Court dismisses Plaintiff's claims, brought under Section 1983 against NYSDCJS, under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction and because Plaintiff appears to seek monetary relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3*); see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

The Court notes that another federal district court in this Circuit, in another *pro se* action, has addressed allegations similar to those of Plaintiff's as to the alleged increase in the amount of time a sex offender registrant's name must remain on NYSDCJS's sex offender registry:

> Although plaintiff may not be aware, or may not understand, the Sex Offender Registration Act ("SORA") in New York State, N.Y. Correct. Law § 168 et seq., was amended in 2006. The New York State Legislature amended sections 168-h and 168-o. *Doe v. Cuomo*, 755 F.3d 105, 108-09 (2d Cir. 2014). The amendment to section 168-h increased the registration requirement for level one offenders from 10 to 20 years. *Id.* Section 168-o was amended to remove the language allowing a sex offender to petition the court for a modification of the level of notification. *Id.* at 109. In *Doe*, the [the Second Circuit] rejected constitutional challenges by level one sex offenders to the amendment increasing their registration requirement after their convictions and the imposition of sentence. *Id.* at 109-15. The court rejected an ex post facto challenge, a procedural due process challenge, a substantive due process challenge, an equal protection and Fourth

6

> Amendment challenge, and a claim that the increase in registration time violated the plaintiffs' plea agreements. *Id.* Plaintiff pled guilty . . . when the registration requirement was 10 years. However, prior to the expiration of those 10 years, the statute was amended to require 20 years of registration. This amendment may be the explanation for plaintiff's claim that his registration requirement was "increased" . . . when he should have been completing his requirements. Based on *Doe*, there is no avenue for plaintiff to challenge that increase.

*Riley v. Taylor*, No. 5:19-CV-1451, 2019 WL 6829046, at *4 n.10 (N.D.N.Y. Dec. 13, 2019), *report & recommendation adopted*, 2020 WL 886128 (N.D.N.Y. Feb. 24, 2020). Thus, to the extent that Plaintiff makes any such challenge, under Section 1983, with regard to an increase in the time he must remain on NYSDCJS's sex offender registry, from 10 years to 20 years, the Court must also dismiss these clams for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Claims under Section 1983 against the unidentified police officers from Houston, Texas**

Plaintiff's claims under Section 1983 against the unidentified police officers from Houston, Texas, are not properly joined to this action. Under Rule 20(a)(2) of the Federal Rules of Civil Procedure:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the *same transaction, occurrence, or series of transactions or occurrences*; and (B) any question of law or fact *common to all defendants* will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). A plaintiff may not pursue unrelated claims against multiple defendants. *See, e.g.*, *Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("Case law makes clear that '[i]n the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'"

7

(quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (alterations in original))).

Plaintiff's claims under Section 1983 against unidentified police officers from Houston, Texas, including any claims arising from alleged events that occurred in Houston and somewhere within the State of New York, are unrelated to his other claims asserted in this action. The Court therefore dismisses these claims without prejudice to Plaintiff's filing a new separate civil action against these police officers, including one in this court arising only from the alleged events that took place within this judicial district.³

## C. Claims under Section 1983 arising from public assistance benefits

### 1. HASA is not a suable entity

With respect to Plaintiff's claims under Section 1983 against HASA, the Court must dismiss these claims. As an agency of the City of New York, HASA is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Beaman v. New York City*, No.

---

³ This court is almost certainly not the proper venue for Plaintiff's claims under Section 1983 against the unidentified police officers from Houston, Texas, arising from events that occurred in Houston. Because the alleged events giving rise to these claims occurred in Houston, the United States District Court for the Southern District of Texas, not this court, is a proper venue for such claims, under the relevant venue provision. *See* 28 U.S.C. §§ 124(b)(2), 1391(b)(2). In addition, to the extent that all of the alleged officers are residents of the State of Texas, any federal district court within the State of Texas, but not this court, is a proper venue for such claims, under the relevant venue provision. *See* 28 U.S.C. §§ 124, 1391(b)(1).

24-CV-2350 (LTS), 2024 WL 4635428, at *2 (S.D.N.Y. Oct. 28, 2024) (HRA and HASA); *Rose v. New York City Dep't of Hum. Res.*, No. 12-CV-1764 (GBD) (KNF), 2013 WL 323995, at *2 n.3 (S.D.N.Y. Jan. 24, 2013) (same); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims under Section 1983 against HASA for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

Even if the Court were to construe Plaintiff's claims under Section 1983 against HASA as being asserted against the City of New York, these claims would still fail. When a plaintiff sues a municipality, like the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice, and; (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

> A plaintiff may satisfy the policy or custom requirement by alleging one of the following:
>
> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage

9

of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

Plaintiff alleges no facts showing that a policy, custom, or practice of the City of New York contributed to a violation of his federal constitutional rights. Thus, to the extent Plaintiff's claims under Section 1983 against HASA can be construed as brought against the City of New York, the Court dismisses them for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), but grants Plaintiff leave to replead these claims in an amended complaint in which he names the City of New York (and no agency of the City of New York) as a defendant, and in which he alleges facts sufficient to state a claim under Section 1983 against the City of New York.

2.  **Personal involvement of individual New York City official**

With respect to Plaintiff's claims under Section 1983 regarding the denial and/or revocation of public assistance benefits issued by the City of New York (through HASA, HRA, or any other City agency), Plaintiff must amend his complaint to name as a defendant the individual New York City official(s) who denied and/or revoked these benefits, denied him procedural due process to challenge the denial and/or revocation of these benefits, or provided him inadequate process to do so. A claim for relief under Section 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir.

2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted, emphasis in original)).

A plaintiff must also allege facts showing the individual state actor defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." (internal quotation marks and citation omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under [Section] 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

With respect to the alleged denial and/or revocation of public assistance benefits issued by an agency of the City of New York, the abovementioned denial of due process, or the provision of inadequate process, Plaintiff names no individual who was directly and personally involved in any of those alleged constitutional violations as a defendant. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to an amended complaint in which he names such individuals as defendants and alleges facts showing how those individuals were directly and personally involved with the alleged violations of his federally protected rights with respect to his receipt of public assistance benefits.

3.  **Procedural due process**

The Court understands Plaintiff's complaint as asserting that he was denied procedural due process as to his receipt of public assistance benefits from an agency of the City of New York. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend XIV, § 1. Where a plaintiff sues a defendant "to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Generally, due process requires a hearing before a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Public assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (citing *Goldberg*, 397 U.S. at 262 & n.8).

When determining whether a person has been deprived of procedural due process, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure." *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991). In addition, "if a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983." *Id.* at 113. Access to an administrative fair hearing, under N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. Ch. II, Subch. B, Art. 1, pt. 358,

12

and further judicial review in the state courts, in a proceeding under N.Y.C.P.L.R. Art. 78, to challenge adverse determinations in connection with government entitlement programs, such as SNAP (food stamps), medical assistance, or cash assistance, satisfies procedural due process.[4] *See Rodriguez v. N.Y. State Dep't of Parole*, No. 19-CV-0643 (VEC) (JLC), 2019 WL 6973568, at *14 (S.D.N.Y. Dec. 20, 2019), *report & recommendation*, 2020 WL 257420 (S.D.N.Y. Jan. 17, 2020); *Banks v. HRA*, No. 11-CV-2380, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-0565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

Plaintiff has alleged nothing to suggest that he has pursued an administrative fair hearing and judicial review under state law, as described above, with regard to challenging the denial and/or revocation of any public assistance benefits distributed by an agency of the City of New York. The Court therefore dismisses Plaintiff's claims under Section 1983 in which he alleges that he has been denied procedural due process with regard to challenging the denial and/or revocation of these benefits, for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court's dismissal of these claims is without prejudice to Plaintiff's amending his complaint to allege facts showing how an individual New York City official denied him procedural due process or provided him inadequate process as to challenging the denial and/or revocation of these benefits.

---

[4] While, as discussed above, there is a federal constitutional right to procedural due process as to a protected liberty or property interest, including public assistance benefits, *see supra* at 12-13, there is no constitutionally protected right to housing benefits or to assistance with obtaining housing, *see Lindsey v. Normet*, 405 U.S. 56, 74 (1972). "Access to food and shelter is not a constitutional right, nor is there any government obligation to provide adequate housing." *Reaves v. Dep't of Vet. Affs.*, No. 08-CV-1624, 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009) (citing *Lindsey*, 405 U.S. at 74). Thus, to the extent that Plaintiff asserts any claims under Section 1983 arising from a violation of a purported right to housing or to food, the Court dismisses such claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under Section 1983 as to the claims in which the Court has granted him leave to replead, the Court grants Plaintiff 60 days' leave to amend his complaint to detail such claims.

Plaintiff is granted leave to amend his complaint to provide more facts about the claims discussed above that the Court has granted him leave to replead. In the "Statement of Claim" section of the amended complaint, he must provide a short and plain statement of the relevant facts supporting each such claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. Plaintiff must not raise in his amended complaint any claim that the Court has dismissed in this order for which the Court has not granted him leave to replead.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's *Pro Se* Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:24-CV-6451 (LTS). An amended complaint form is attached to this order for Plaintiff's convenience. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for the reasons set forth in this order.

Parties proceeding *pro se* may submit filings by email to ProSe@nysd.uscourts.gov and may consent to receive all court documents electronically. The consent to electronic service form and instructions about filing by email are both available on the court's website at https://www.nysd.uscourts.gov/prose.

*Pro se* parties who do not wish to submit filings electronically may submit documents by regular mail or in person at the U.S. Courthouses in Manhattan (500 Pearl Street, New York, New York 10007) and in White Plains (300 Quarropas Street, White Plains, New York 10601).

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the CBJC's intake form. The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court. A flyer with details is attached.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 14, 2025
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge